# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JESSE A. SAUCEDO**
**United States Army, Appellant**

ARMY 20160060

Headquarters, 1st Cavalry Division
Rebecca K. Connally, Military Judge
Colonel Oren H. McKnelly, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Christopher D. Carrier, JA; Captain Ryan T. Yoder, JA; Major Jeremy S. Scholtes, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

25 May 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of one specification of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2012) [hereinafter UCMJ].  Additionally, the military judge convicted appellant, contrary to his pleas, of one specification of wrongful distribution of cocaine in violation of Article 112a, UCMJ.  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-1.[*]

This case is before us for review under Article 66, UCMJ.  Appellate defense counsel assigns one error to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  After due consideration, we find the assigned error warrants discussion and relief; the matters raised under *Grostefon* are without merit.

---

[*] Prior to action, the convening authority waived automatic forfeitures of pay and allowances for the benefit of appellant's spouse, effective 12 February 2016 until 1 July 2016.

SAUCEDO—ARMY 20160060

**LAW AND DISCUSSION**

The convening authority took action 154 days after the sentence was adjudged; 141 days are attributable to the government. The record in this case consists of two volumes, and the trial transcript is one hundred pages. It took sixty-one days after convening authority action for this court to receive the record of trial and docket appellant's case. The government provided no explanation in its post-trial submissions for this delay.

There is a presumption of unreasonable delay where the convening authority's action is not taken within 120 days of the completion of trial, or where a record of trial is not docketed by the service Court of Criminal Appeals within thirty days of the convening authority's action. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Post-trial delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the "least defensible" type of post-trial delay and "worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990).

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000). Under the circumstances, we find relief from this court is appropriate and provide such in our decretal paragraph.

**CONCLUSION**

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as extends to a bad-conduct discharge, 105 days confinement, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2